UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                               No. CR 13-0104 PJH

      v.                                      **PRETRIAL ORDER**

ANTONIO ALEJANDRO CHAVEZ,

        Defendant.

_____/

This matter came before the court for a pretrial conference on October 30, 2013. At the hearing, the court ruled on several motions and other pretrial issues as stated on the record and summarized below.

**A.    Defendant's Motions in Limine**

    1.    Defendant's motion to exclude his prior misdemeanor conviction based on a plea of no contest on December 12, 2012 is conditionally GRANTED. Evidence of the prior conviction will not be admitted except for impeachment purposes, should defendant testify and deny involvement in the incident giving rise to the current charges.

    2.    Defendant's motion to exclude evidence of his jail calls is DENIED on the ground that the excerpts identified by the government are highly probative and contain defendant's admissions. The statements of the unidentified female ("UF") are necessary to provide context to defendant's statements. To minimize any prejudice from inclusion of her statements, the court will instruct the jury that the UF's statements are offered only to put defendant's statements in context and should not be considered against defendant. The parties shall draft an appropriate limiting instruction and submit it on the first day of trial. To further minimize prejudice from admission of the jail calls, the government is ordered to

redact the racial epithets from the jail calls, except the pejorative term used in the transcript at 13:19 (Gov't Ex. 1.2), which may be bleeped out to keep defendant's statement otherwise intact.

**B.     Disputed Jury Instructions**

1.      In light of the government's reliance on the victim's status as a person assisting a federal officer or employee rather than being himself a federal officer, Ninth Circuit Model Criminal Jury Instruction 8.4 will be given with the following modification proposed by the government:  "The physical presence of a federal agent [officer] at the time of the assault is not required."  *See United States v. Jacquez-Beltran*, 326 F.3d 661, 663 (5th Cir. 2003).  The court DENIES the government's request to include an instruction that "a private security officer is considered to be a person assisting a federal officer . . . if the private security officer was acting pursuant to a contract with a federal agency to perform the same duties and functions that a federal officer would perform."  The government is required to prove each element of the offense, including whether the victim was a person assisting a federal officer while engaged in, or on account of the performance of official duties.  18 U.S.C. §§ 111, 1114.  *See United States v. Sapp*, 272 F. Supp. 2d 897, 909 (N.D. Cal. 2003) ("A faithful reading of section 1114 requires an identification of a federal officer, not merely a federal function.").

The court DENIES defendant's request to modify Model Instruction 8.4 to include an instruction that the jury must find that defendant did not act in self-defense.  The court will give a separate self-defense instruction which instructs the jury that the government has the burden to prove beyond a reasonable doubt that defendant did not act in self-defense.

2.      The government requests that the following instruction be given: "It is not necessary for the government to prove that the defendant knew that Officer Wong was acting as a person assisting a federal officer."  Defendant did not object to this instruction, which is consistent with the comment to Model Instruction 8.4:  "There is no requirement that an assailant be aware that the victim is a federal officer.  *United States v. Feola*, 420 U.S. 671, 684 (1975)."  In *Feola*, 420 U.S. at 684, the Supreme Court recognized, "All the

2

statute requires is an intent to assault, not an intent to assault a federal officer," or by extension, a person assisting a federal officer. In light of this authority, the government's request to include this instruction is GRANTED.

3. If defendant presents evidence at trial to support a theory of self-defense, Model Instruction 8.5 will be given as follows:

> **ASSAULT ON FEDERAL OFFICER OR EMPLOYEE—DEFENSES**
>
> The defendant asserts that he acted in self-defense. It is a defense to the charge if (1) the defendant did not know that Private Security Officer I-Kuan Wong was a federal officer or employee or a person assisting a federal officer or employee, (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.
>
> Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.
>
> In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that Private Security Officer I-Kuan Wong was a federal officer or employee or a person assisting a federal officer or employee, or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) that the defendant used more force than appeared reasonably necessary in the circumstances.

*See* 9th Cir. Model Instruction 8.4, Comment ("If the defendant denies knowledge that the person assaulted was a federal officer and claims to have acted in self-defense, Instruction 8.5 (Assault on Federal Officer or Employee—Defenses) should be used."). Defendant's request to include a separate self-defense instruction (Model Instruction 6.8), either in

whole or in part, is DENIED because Model Instruction 8.5 concerning self-defense to assault on a federal officer is tailored to the specific charge and is sufficient to instruct the jury on the government's burden to disprove self-defense beyond a reasonable doubt. *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992). *See United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998).

The court notes that defendant has modified the first sentence of Model Instruction 8.5 and several aspects of Model Instruction 6.8 to include "defense of others" as well as self-defense, yet he has offered no authority that would extend this particular self-defense defense to the defense of others. Defendant did not raise this issue at the pretrial conference. Defendant may renew this issue at the charge conference, but must be prepared with supporting authority if he seeks to have Model Instruction 8.5 modified to cover defense of others.

**C.     Exhibits**

At the pretrial conference, defendant objected to the following exhibits proffered by the government:

1.     Exs. 9 and 10 (Monroe 911 Call #1 and #2): defendant's objection based on right to confrontation was withdrawn upon the government's representation that witness Monroe will testify at trial.

Defendant also objects to the 911 calls on hearsay grounds. The court has reviewed Exhibits 9 and 10, which each contain a series of 911 calls and dispatch communications recorded on a CD, but the government has only identified the two 911 calls made by Monroe as exhibits. Defendant's hearsay objection is overruled on the ground that Monroe's recorded 911 calls (at 6:35-9:25 and 19:10-20:59) were made either while she was observing events, or within minutes after observing events, and therefore fall under the exceptions for present sense impressions and excited utterance. Fed. R. Evid. 803(1) and (2).

2.     Exs. 24, 26, 29, 30 (reports by Wong, Perkins, Bicker, and Young) and Ex. 31 (notes by Monroe): defendant's objection was withdrawn upon the government's

representation that the witnesses will testify and the exhibits though marked will only be used to refresh the witnesses' recollection.

3.  Exs. 22 and 23 (jail call transcripts): objection overruled pursuant to court's ruling on defendant's motion in limine to exclude jail calls.

4.  Ex. 32 (Chavez state conviction documents): objection sustained pursuant to court's ruling on defendant's motion in limine to exclude evidence of state conviction, except as necessary for impeachment.

**D.  Jury Questionnaire/Voir Dire**

The court provided counsel with a copy of the court's juror questionnaire. The jurors will be summoned to appear on Friday, November 8, 2013, to fill out the questionnaires. Counsel for the government is directed to collect the questionnaire responses when they become available from the court's jury coordinator, make copies for the parties, and deliver the originals to chambers by no later than 3:00 p.m., November 8, 2013. Defense counsel must arrange to pick up a copy set of the questionnaires from government counsel.

On the first day of trial, each party will be given up to 30 minutes for followup voir dire questions after the court's voir dire of the panel.

**E.  Trial Days and Times**

Trial will commence with jury selection on Tuesday, November 12, 2013, at 8:30 a.m. until 4:00 p.m., and will continue on Thursday, November 14, through Tuesday, November 19, 2013, from 8:30 a.m. to 1:30 p.m.

**IT IS SO ORDERED.**

Dated:  November 1, 2013

PHYLLIS J. HAMILTON
United States District Judge